**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| _____ ) | |
| ANGELIQUE LACOUR, on behalf of ) | |
| herself and all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 8:11-cv-1896-T-33-MAP |
| ) | |
| WHITNEY BANK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF
SETTLEMENT, APPLICATION FOR SERVICE AWARD, CLASS COUNSEL'S
APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL
JUDGMENT AND DISMISSAL WITH PREJUDICE**

On September 18, 2012, Plaintiff filed her Unopposed Motion for Final Approval

of Settlement, Application for Service Award, Class Counsel's Application for

Attorneys' Fees, and Incorporated Memorandum of Law (Doc. # 21), seeking Final

Approval of the Settlement with Whitney Bank. Plaintiff also filed declarations to enable

the Court to evaluate the fairness, adequacy and reasonableness of the Settlement, as well

as the reasonableness of the applications for a Service Award to Plaintiff-Class

Representative, Angelique LaCour, and attorneys' fees and expenses to Class Counsel.

Following Notice to the Settlement Class, no objections to the Settlement were filed.

This matter came before the Court on October 18, 2012, for a Final Approval

Hearing pursuant to the Court's Preliminary Approval Order dated June 4, 2012 (Doc. #

18). The Court carefully reviewed all of the filings related to the Settlement and heard

argument on the Motion for Final Approval.

After full consideration of the Motion for Final Approval and the presentations of the Parties, the Court concludes that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the Settlement Class Members.  The Settlement complies with Fed. R. Civ. P. 23(e).  Therefore, the Court grants Final Approval of the Settlement, certifies the Settlement Class, authorizes the payment of a Service Award to the Plaintiff-Class Representative, Angelique LaCour, and awards attorneys' fees and costs to Class Counsel.

The Court now makes the findings of fact and conclusions of law set forth in this Order granting the Motion for Final Approval, and

**HEREBY ORDERS AND ADJUDGES THAT**:

1.      All of the definitions contained in the Settlement Agreement attached to the Motion for Final Approval as *Exhibit A* shall apply to this Final Approval Order and are incorporated by reference as if fully set forth herein.  Further, the Court incorporates herein and accepts the factual allegations contained in the Motion for Final Approval.

2.      This Court has jurisdiction over the subject matter of this Action, the Settlement Class, and over those individuals and entities undertaking affirmative obligations under the Settlement Agreement.

3.      This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause), and all other

applicable law, including the six factors set forth in *Bennett v. Behring Corp.,* 737 F.2d

982, 986 (11th Cir. 1984).[1]  Following the completion of the Notice Plan, there have been

no objections to the Settlement, a clear indication that the Settlement Class Members

support the Settlement.  As the Settlement is in the best interests of the Parties and the

Settlement Class, the Court directs the Parties and their counsel to implement and

consummate the Settlement in accordance with the terms and conditions of the Settlement

Agreement.

4.      Pursuant to Federal Rule of Civil Procedure 23, the Settlement Class

consists of:

> All Whitney Bank customers who had one or more consumer or business
> Accounts in the United States and who, during the Class Period, incurred
> more than one Overdraft Fee on a single day as a result of Whitney Bank's
> Debit Re-sequencing.

5.      The Class Period is from:

> (a) August 22, 2001 through and including August 21, 2011 for customers
> with Accounts opened in Louisiana; (b) August 22, 2005 through and
> including August 21, 2011 for customers with Accounts opened in
> Alabama; (c) August 22, 2006 through and including August 21, 2011 for
> customers with Accounts opened in Florida; (d) August 22, 2005 through
> and including August 21, 2011 for customers with Accounts opened in
> Mississippi; and (e) August 22, 2007 through and including August 21,
> 2011 for customers with Accounts opened in Texas.

---

[1] The Eleventh Circuit has identified six factors to be considered in analyzing the fairness, adequacy, and reasonableness of a class action settlement under Rule 23(e): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.  Plaintiff and Class Counsel have met their burden in establishing all of these factors.

6.      The Settlement Class as previously provisionally certified satisfies all the requirements contained in Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

7.      No one objects to the Settlement and only five (5) Settlement Class Members requested exclusion from the Settlement through the opt-out process approved by this Court.  Except for the individual claims of those who duly opted-out of the Settlement Class (identified in *Exhibit 1* to this Final Approval Order), this Court hereby dismisses this Action on the merits and with prejudice as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members each and every Released Claim (as defined in Paragraph 28 of the Settlement Agreement) against Whitney Bank (as defined in Paragraph 38 of the Settlement Agreement).

8.      Plaintiff and all Settlement Class Members who have not opted-out of the Settlement, and their respective representatives, assigns, heirs, executors, administrators, successors and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against any entity included within the definition of Whitney Bank, any and all individual, representative or class claims or any such lawsuit which they had or have related in any way to the Released Claims.

9.      Plaintiff, including her representatives, assigns, heirs, executors, administrators, successors and custodians, is hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against any entity

included within the definition of Whitney Bank, any and all individual, representative or class claims or any such lawsuit which she had or has related in any way to the assessing of overdraft fees to her accounts at Whitney Bank.

10.     The Settlement Class Notice Program, consisting of the postcard notice, publication notice, long form notice, website, and toll-free telephone number, was the best notice practicable under the circumstances.  The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

11.     Members of the Settlement Class who the Settlement Administrator has determined are Settlement Class Members, and who have not opted-out of the Settlement, shall be entitled to an Overdraft Settlement Benefit in the form of either a check or an Account credit.  Within sixty (60) days of the Effective Date, in accordance with the procedures set forth in the Settlement Agreement, the Settlement Administrator shall mail checks to each eligible Settlement Class Member who has not opted-out of the Settlement and whose Account is open or was closed without an outstanding negative balance or who was identified through the claim process.  Within seventy (70) days of the Effective Date, in accordance with the procedures set forth in the Settlement Agreement, Whitney Bank shall provide Account credits electronically to each eligible Settlement Class

Member who has not opted-out of the Settlement and whose Account was closed with a negative outstanding balance, thereby reducing the balance owed to Whitney Bank.

12.     Should the combined amount of the Overdraft Settlement Benefits, attorneys' fees, costs, service award, and taxes paid by the Settlement Administrator be less than $6,800,000.00, all remaining amounts, plus accrued interest, shall be distributed to Settlement Class Members who received Overdraft Settlement Benefits in the initial distribution, on a *pro rata* basis.  No portion of the Settlement Fund remaining after the distribution of benefits to the Settlement Class Members shall revert to Whitney Bank. The residual funds, if any, shall be distributed by the Settlement Administrator as soon as practicable, but in no event later than one (1) year and thirty (30) days after the Settlement Administrator makes the first distribution of Overdraft Settlement Benefits from the Net Settlement Fund.

13.     Class Counsel's request for attorneys' fees as a percentage of the common fund is granted, as provided below.  The Court finds this award to be both appropriate and reasonable under the factors set forth in *Camden I Condominium Assn. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).[2]  The award from the Settlement Fund is reasonable, considering the results obtained, the nature of the case, and Class Counsel's significant work in this case and experience in bank overdraft fee class action litigation.  It was

---

[2] The Eleventh Circuit's factors for evaluating the reasonable percentage to award class-action counsel are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

necessary for Class Counsel, who undertook representation of Plaintiff, Angelique LaCour, and the putative class on a purely contingent fee basis, to conduct research and discovery supporting the claims asserted and the class-wide damages claimed, and to attempt to persuade Whitney Bank that class claims were viable despite Whitney Bank's planned defenses. Prevailing in this case was by no means assured, given the substantial defenses that Whitney Bank would have pursued. Extensive settlement negotiations occurred between the Parties. Whitney Bank is represented by sophisticated counsel, experienced in bank overdraft fee class action litigation, who was prepared to zealously defend this case. Notwithstanding, Class Counsel obtained a fair, adequate, and reasonable settlement on behalf of the Settlement Class.

14. Therefore, Class Counsel is hereby awarded $1,700,000 in attorneys' fees from the gross Settlement Fund, which represents 25% of the gross Settlement Fund. That percentage reflects the amount of fees attorneys have commonly received in the Eleventh Circuit, and it is within the range of reasonableness discussed in *Camden I*. 946 F.2d at 774-75. The Court notes that this percentage is lower than the amount originally requested by Class Counsel; in the Motion for Final Approval, counsel moved for an award of $2.44 million in attorneys' fees, which would have constituted over 35% of the $6.8 million cash Settlement Fund. However, in *Camden I*, the Eleventh Circuit described "25% as a 'bench mark' percentage fee award which may be adjusted in accordance with the individual circumstances of each case." *Camden I*, 946 F.2d at 775.

In determining an appropriate fee award, the Court referenced cases such as *LaGrasta v. Wachovia Capital Markets, LLC*, No. 2:01-cv-251-FtM-29-DNF, 2006 WL

4824480 (M.D. Fla. Nov. 6, 2006), and *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999).   In *LaGrasta*, the court found class counsel's request for attorney's fees and costs to be reasonable where the fees amounted to 30% of a $9,000,000 settlement fund and the costs amounted to another $500,000, also to be paid from the settlement fund. *LaGrasta*, 2006 WL 4824480 at * 1.  In *Waters*, the Eleventh Circuit held that an award amounting to $13.3 million, approximately 33% of the $40 million settlement fund, did not amount to an abuse of discretion. *Waters*, 190 F.3d at 1292-98.   However, each of those cases spanned a much longer time frame than the present litigation.  The final fairness hearing occurred more than five years after the filing of the initial complaint in *LaGrasta*, and the *Waters* case was settled "[a]fter seven years of extremely contentious litigation and five months of trial." *Waters*, 190 F.3d at 1292.

Given the relatively brief period of time between the filing of the instant case (August 22, 2011) and the Hearing for Final Approval of the Settlement Agreement (October 18, 2012), the Court is presented with a situation in which the factors enumerated in *Camden I* do not convincingly call for an upward adjustment in the benchmark percentage of attorney fees.   Thus, rather than the requested award of $2,440,000, the Court determines that a fee award of 25% of the cash settlement fund, or $1,700,000, will fairly compensate Class Counsel for their efforts in this matter.   The difference between this award of $1.7 million and the requested award of $2.44 million (a difference of $740,000) shall remain in the Settlement Fund to be distributed as Overdraft Settlement Benefits to the Settlement Class Members.

15.     Further, Class Counsel has requested reimbursement of certain costs and expenses totaling $108,335.66 already incurred in connection with this action.  (Doc. # 22 at 46).   However, later in the Motion for Final Approval, counsel itemizes these expenses and states that the expenses total only $107,400.66.  (Doc. # 22 at 68).  Without a basis for concluding otherwise, the Court reasons that the request for the greater of the two amounts was made in error, and that the expenses in this case amount to $107,400.66.   The Court finds that Class Counsel's request for reimbursement of $107,400.66 in expenses is reasonable and that the expenses were incurred in furtherance of the Action.  The attorneys' fee and expense amounts approved herein shall be paid to Class Counsel, Kopelowitz Ostrow P.A., from the Settlement Fund within 10 days after the Effective Date.

16.     The Court finds that Class Counsel's request that a Service Award be paid to Plaintiff-Class Representative, Angelique LaCour, is appropriate and the amount requested is reasonable.   Therefore, Plaintiff-Class Representative, Angelique LaCour, shall be paid a Service Award of $5,000.00 from the Settlement Fund, with payment to be made from the Settlement Fund within 35 days after the Effective Date.

17.     The Court declines to retain jurisdiction over this matter.

18.     Nothing in this Final Approval Order or the Settlement Agreement shall be construed as an admission or concession by either Party. Whitney Bank has denied all of the Plaintiff's allegations and continues to deny such allegations.  Plaintiff continues to believe her allegations have merit.  The Settlement Agreement and this resulting Final Approval Order represent a compromise of disputed allegations.

19.      Except as expressly provided herein, each Party is to bear its own costs.

20.      Pursuant to Federal Rule of Civil Procedure 58(a), the Court will enter final judgment in a separate document and direct the Clerk of this Court to close the case.

**DONE** and **ORDERED** in chambers in Tampa, Florida, on this <u>23rd</u> day of October, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

# EXHIBIT 1

### TO FINAL APPROVAL ORDER

The following four (4) individuals and one (1) business entity opted-out of the

Settlement and, therefore, are not bound by the terms of the Final Approval Order:

1. Deborah H. Bodenheimer

2. Raymond L. Bondenheimer

3. Gunn and York LLP

4. P. M. Coleman

5. Betty M. Melancon